IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL ACTION |
| | : | NO. 19-251 |
| | : | |
| BOBBY LEE ROTHMILLER | : | |
| | : | |

**MEMORANDUM**

**SCHMEHL, J.**   */s/JLS*                                                                                    **JANUARY 18, 2023**

      Defendant pled guilty to one count of possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C.§ 841(a)(1),(b)(1)(C)(Count One); one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C)(Count Two); one count of using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(Count Three); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Four). The charges arose from the Defendant's possession of cocaine and heroin in a Toyota Camry vehicle on August 9, 2018 in Ephrata Township, Pennsylvania and his possession of heroin and a Hi-Point CF-380, .380 caliber semi-automatic handgun bearing serial number P8133204, loaded with five live rounds of ammunition on that same date in a Knights Inn hotel room in Lancaster, Pennsylvania.

      The Court sentenced Defendant to a term of imprisonment of 51 months on Counts One, Two and Four, to run concurrently, and an additional statutory mandatory 60 months on Count Three, to run consecutively to the sentence imposed on Counts One, Two and Four for a total term of imprisonment of 111 months. The sentence of 51 months was at the low end of Defendant's federal guideline range of 51 to 63 months. Defendant did not appeal his sentence.  Defendant also did not file a motion to vacate, correct or set aside sentence pursuant to 28 U.S.C.§ 2255. Presently before the Court is the Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. §

3582(c)(1)(A). For the reasons that follow, the motion is denied.

Defendant argues that his conviction under 18 U.S.C. § 924(c)(1)[1] is invalid based on the Supreme Court's recent decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022).[2] In *Taylor*, the Supreme Court held that "attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause" because no element of the offense requires the government to prove that the defendant used, attempted to use, or threatened to use force. 142 S. Ct. at 2021.[3] The Defendant's conviction on Count Three had nothing to do with possessing a firearm in relation to a "crime of violence." Rather, Defendant was convicted of possession of a firearm in furtherance of a "drug trafficking crime." The *Taylor* decision did not involve any analysis of that part of section 924(c) and is therefore inapplicable to the Defendant's conduct in this case.

---

1  Section 924(c)(1)(A) provides, in pertinent part: "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—"

2  Our Court of Appeals has recently stated that a federal prisoner can only challenge their convictions or sentence pursuant to 28 U.S.C. § 2255. *United States v. Henderson*, 858 Fed.App'x 466, 469 n.2 (unpublished). For that reason alone, Defendant's motion for reduction of sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), must be denied.

3  Section 924(c)(3)(A) defines "crime of violence" under the "force" or "elements clause" as an offense that is a felony and—
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]